UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re

B & J Express Care Services, LLC,   Case No.: 3:24-bk-01974-JAB
                                     Chapter 11
        Debtor.
_____/

**UNITED STATES TRUSTEE'S STATEMENT
REGARDING JOINT ADMINISTRATION**

The United States Trustee for Region 21, Mary Ida Townson ("United States Trustee"), pursuant to this Court's Order on Motion for Joint Administration of Chapter 11 Cases and Notice of Continued Hearing (Doc. 29; "Joint Administration Order"), makes the following Statement:

**BACKGROUND**

**B & J Express Care Services, LLC, Case No. 3:24-bk-01974-JAB**

1. On July 11, 2024, B & J Express Care Services, LLC ("Express Care") filed a voluntary Chapter 11 Petition in Case No. 3:24-bk-01974-JAB. According to its petition, Express Care is a health care business. (Doc. 1 at 2). Gordon Johnson and Charles Brooks each own 50%, and are both managers, of Express Care. (Id. at 36).

2. As set forth in Express Care's Case Management Summary (Doc. 19), it was formed to operate an emergency medical care clinic and is no longer an

operating business entity.  (Doc. 19 at 1).

3.	Mr. Johnson testified at the Section 341 Meeting of Creditors that Express Care ceased operating on April 19, 2024, has no intention of resuming operations, and intends to liquidate all assets.

4.	Specifically, Express Care will "seek to liquidate all assets through auction and surrender all cash to Ameris Bank after the cost of liquidation and either satisfaction of those holding purchase money security interests in equipment or surrender of the collateral." (Doc. 19 at 3).

**B & J Property Management of Ocala, LLC, Case No. 3:24-bk-01976-JAB**

5.	On July 11, 2024, B & J Property Management of Ocala, LLC ("Property Management") filed a voluntary Chapter 11 Petition in Case No. 3:24-bk-01976-JAB.  According to its petition, Property Management's business is single asset real estate. (Doc. 1 at 2).  Gordon Johnson and Charles Brooks each own 50%, and are both managers, of Property Management.  (Id. at 25-27).

6.	As set forth in Property Management's Case Management Summary (Doc. 17), it owns a single parcel of real property located at 1834 SW 1st Avenue, Suite 201, Ocala, Florida 34471 ("Property"), at which Express Care operated a medical practice. (Doc. 17 at 1).

7.	Mr. Johnson testified at the Section 341 Meeting of Creditors that Property Management will liquidate all assets through auction.  The net proceeds

will be distributed to Ameris Bank (Doc. 17 at 3).

**Motions for Joint Administration**

8. Both Express Care and Property Management filed motions requesting that their cases be jointly administered for procedural purposes. (Doc. 18 in Express Care; Doc. 16 in Property Management). In these motions, the debtors state in pertinent part as follows:

> Debtors are manager managed Florida Limited Liability Companies and both have Charles Brooks and Gordon Johnson as their managers. The two managers owned all of the equity ownership interest in each of the two Debtors. Therefore, the two referenced cases are related and the Debtors are "affiliates" within the meaning of 11 U.S.C. § 101(2).
>
> Under Fed. R. Bankr. P. 1015(b) provides "If . . . two or more petitions are pending in the same court by a debtor and an affiliate, the court may order a joint administration of the estates."
>
> Debtors have historically been jointly managed and administered. They are co-obligors on their largest debts and share common operating and management expenses.
>
> Debtors request that both cases be jointly administered for procedural purposes, and that all pleadings bear [a specified caption].

(Motions for Joint Administration at ¶¶ 2-5).

9. On August 7, 2024, the Court conducted a hearing on the Motions for Joint Administration at which the United States Trustee expressed concern that the debtors do not meet the definition of affiliates in 11 U.S.C. § 101(2), and that as a result, joint administration under Fed. R. Bankr. P. 1015(b) may not be appropriate.

10. On August 12, 2024, the Court entered the Joint Administration Order, in which it directed the United States Trustee to submit a brief by September 4, 2024, "regarding whether the two companion cases are affiliates under § 101(2) and may be jointly administered under Rule 1015(b) and whether § 105 prohibits the Court from ordering the two cases be jointly administered for procedural purposes." (Joint Administration Order at 1).

## UNITED STATES TRUSTEE'S STATEMENT

11. "Joint administration is a procedural tool permitting use of a single docket for administrative matters, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other ministerial matters that may aid in expediting the cases." Reider v. FDIC (In re Reider), 31 F.3d 1102, 1109 (11th Cir. 1994). Joint administration is "used as a matter of convenience and cost saving" and "does not create substantive rights." Id.

12. According to Fed. R. Bankr. P. 1015(b) addressing cases involving two or more related debtors, "[i]f a joint petition or two or more petitions are pending in the same court by or against (1) spouses, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b) (emphasis added).

13. The term **"affiliate"** is defined in 11 U.S.C. § 101(2), which provides

that this term means:

>   (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>   >   (i)  in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>   >
>   >   (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
>   (B)   corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>   >   (i)    in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>   >
>   >   (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
>   (C)   person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
>   (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

14. Express Care and Property Management do not meet any of these definitions of "affiliate" as set forth in Section 101(2). Rather, they are two separate entities with a similar ownership and management structure: Gordon Johnson and

Charles Brooks both own 50%, and serve as managers, of the debtor entities.

15. Because Express Care and Property Management are not affiliates under Section 101(2), spouses, a partnership and one or more of its general partners, or two or more general partners, they are not eligible for joint administration under Fed. R. Bankr. P. 1015(b).

16. While the United States Trustee does not believe joint administration is appropriate based on the plain language of Section 101(2) and Rule 1015(b), the United States Trustee has no objection to allowing these cases to travel together for the sake of efficiency for procedural purposes only (*i.e.*, scheduled for hearings together) so long as there are separate claims registers for each debtor and each debtor files its own monthly operating reports.

17. The United States Trustee defers to the Court as to whether to utilize its equitable powers under Section 105(a) to fashion more robust procedures in these two cases.

DATED: August 15, 2024

          Respectfully submitted,

          Mary Ida Townson
          United States Trustee, Region 21

          */s/ Jill E. Kelso*
          Jill E. Kelso, Trial Attorney
          Florida Bar No.: 0578541
          United States Department of Justice

Office of the United States Trustee
George C. Young Federal Building
400 W. Washington St., Suite 1100
Orlando, FL 32801
Telephone No.: (407) 648-6286
Facsimile No.: (407) 648-6323
Email: jill.kelso@usdoj.gov

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing statement has been served on the following parties on August 15, 2024, electronically through CM/ECF, on parties having appeared electronically in the instant matter, and/or that a copy hereof shall be served by U.S. Mail, postage prepaid, on August 15, 2024, on the following:

**B & J Property Management of Ocala, LLC**
**B & J Express Care Services, LLC**
1834 SW 1st Avenue, Suite 201
Ocala, FL 34471

          /s/   *Jill Ellen Kelso*
          Jill Ellen Kelso, Trial Attorney